## VAUGHN v. VAUGHN et al.

No. 5594.

Court of Appeals of the District of Columbia.

Decided June 30, 1933.

John Murphy, of Washington, D. C., for appellant.

Raymond Neudecker and William C. Ashford, both of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

HITZ, Associate Justice.

This appeal presents a triangular matrimonial controversy with interstate complications like many other such causes arising in the District of Columbia.

The parties are Walter E. Vaughn and Clara Ora Vaughn, who married him in Washington in October, 1919, and Faye Stanford Vaughn, who married him in Baltimore in July, 1931; a decree of divorce granted to the husband by an Alabama court for the alleged adultery of the first wife intervening between the marriages.

In June, 1925, the first wife, appellant here and plaintiff below, left her husband because of his alleged cruelty and went to her mother's residence in Washington, taking the three children of the marriage with her.

In May, 1926, the husband filed his suit for divorce in an Alabama court in the county of his birth and early residence on the ground of his wife's adultery, and there obtained a decree a vinculo in July, 1926.

On July 31, 1926, the defendant and the codefendant Faye Stanford, appellees here, were married in Baltimore, and took up their residence in Washington. In February, 1927, the first wife filed a suit for divorce in the Supreme Court of the District of Columbia for the same cause and naming the same parties as in the present suit, her contention being that the Alabama decree was void; the subsequent marriage void; and the cohabitation of the parties thereto adulterous. This was her first suit, and was numbered 46409. On January 21, 1929, a stipulation between the plaintiff and the defendant hus-

band was made in that suit providing a payment of $40 per month for the support of the plaintiff and their two minor children then living with her. In May, 1929, that suit was voluntarily dismissed without prejudice by the plaintiff. In September, 1929, this plaintiff brought a second suit for divorce in the Supreme Court of the District of Columbia against the same parties for the same cause, alleging again that the Alabama divorce was invalid for fraud; that the Baltimore marriage with the corespondent was therefore void; and that the plaintiff was entitled to a decree of divorce with alimony for herself and support for the minor children in her custody.

This suit was numbered 50184, and the husband appears to have filed an answer therein alleging adultery on the part of his wife, upon which the bill was dismissed by the court after hearing because of her adultery, the decree being signed March 27, 1931.

On April 15 or May 15, 1931, payments to the wife from the husband for support of herself and the minor children seem to have stopped; such payments having been made up to that time under the stipulation of the first suit. In June, 1931, the present and third suit of the plaintiff for divorce and alimony was filed in the Supreme Court of the District of Columbia against the same parties, alleging the invalidity of the Alabama divorce and the Baltimore marriage, relying on the continuing adultery of the defendants involved in their continuing cohabitation since the decree against herself of March 27, 1931, in respect of which period the plaintiff alleges that she comes into court with clean hands, they having been cleansed under the doctrine of Roote v. Roote, 33 App. D. C. 398, 23 L. R. A. (N. S.) 240.

The defendant filed a motion to dismiss this bill on the ground that the plaintiff did not come into court with clean hands, as shown by the decree dismissing her previous bill because of her adultery, from which no appeal was taken and which stands unreversed.

The trial court accepted this view, granted the motion, and dismissed the bill.

So that the plaintiff's first suit she dismissed without hearing upon a stipulation providing for money payments; the second was dismissed by the court after hearing because of her adultery; and the third was dismissed by the court on motion after hearing because the second suit established that she did not come into court with clean hands in this controversy.

And the appellant casts her case here entirely on the contention that her status before the court has in some way been changed and revitalized by the continuing cohabitation of the other parties since the former decree against her, although she has done nothing by way of appeal to a reviewing court, or a rehearing in the trial court, to set aside the decree which fixed her status in the second suit.

For this contention she relies entirely upon Roote v. Roote, 33 App. D. C. 404, 23 L. R. A. (N. S.) 240, but we find no support for it in that case or elsewhere, and the order appealed from is therefore affirmed.