## VANDERHUFF v. VANDERHUFF.

### No. 8590.

United States Court of Appeals
District of Columbia.

Argued May 1, 1944.

Decided June 26, 1944.

Mr. John W. Jackson, of Washington, D. C. (appointed by the District Court), for appellant.

Mr. J. Grahame Walker, of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and EDGERTON and ARNOLD, Associate Justices.

ARNOLD, Associate Justice.

Plaintiff, the wife of the defendant in this case, brought suit for divorce on the ground that the defendant had been convicted of a felony involving moral turpitude and sentenced to the penitentiary for a period of one to three years. At the trial defendant was permitted to submit evidence on the qualifications of the plaintiff to have custody of their child. That evidence tended to show that plaintiff had committed adultery during the period she was separated from her husband. The court below found that plaintiff was qualified to have custody of the child. It refused to make a finding whether the plaintiff had committed adultery, and granted plaintiff a divorce. Defendant appeals on the ground that failure to so find was reversible error. His theory is that if the plaintiff committed adultery it constitutes a complete bar to the granting of the divorce, regardless of the conduct of the defendant.

The majority of decisions construing divorce statutes hold that if the complainant in the divorce suit knowingly and without connivance or justification has committed an offense which gives the defendant grounds for divorce, no divorce will be granted to either party. This doctrine rests partly on the equitable maxim that he who comes into equity must come with clean hands and partly upon the doctrine that divorce is a remedy for an innocent and injured spouse, not a guilty one.[1]

From a social point of view it is hard to defend a rule that recrimination is an absolute bar to the granting of a divorce.[2] It requires parties who are guilty of conduct which makes their marriage impossible of success to continue their marital relationship as a sort of punishment for their sins. Nevertheless, under our former divorce statute it was apparent that Congress had expressed just such a public policy.[3] The only ground for divorce under that statute was adultery. It was further provided that the guilty party should not remarry. This indicated the clear intent to prevent a spouse who was guilty of adultery from being free from the consequences of a former marriage.

We believe our present statute has changed the policy which made recrimination an absolute bar to divorce. The statute now provides four grounds for divorce: (1) adultery; (2) desertion for

---

[1] See 2 Vernier, American Family Laws, § 78 (1932).

[2] See Hatfield v. Hatfield, 1932, 113 W. Va. 135, 167 S.E. 89, 91 et seq.; (Note) 19 Va.L.R. 400 (1933); (Note) 26 Colum. L.R. 83 (1926) for critical appraisals of the doctrine of recrimination. Kansas, Minnesota and Oklahoma provide by statute that the court shall use its discretion as to whether to grant a divorce where recrimination is shown. 2 Vernier, American Family Laws § 78, p. 84 (1932). A Nevada statute provides that the court shall not deny a divorce on the ground of recrimination, but may in its discretion grant a divorce to the party least in fault. Vernier, American Family Laws § 78, p. 48 (Supp. 1938).

[3] Vaughn v. Vaughn, 1933, 62 App.D. C. 278, 66 F.2d 804.

two years; (3) voluntary separation from bed and board for five consecutive years without cohabitation; and (4) final conviction of a felony involving moral turpitude and sentence for not less than two years in a penal institution which has been served in whole or in part.[4] Grounds (3) and (4) may exist in the absence of any offense against the marital status itself. We have already held that recrimination is not a defense in the case of voluntary separation from bed and board for five years.[5] In so deciding we stated that the purpose of the liberalizing amendment was "to permit termination in law of certain marriages which have ceased to exist in fact". The same reasoning would eliminate recrimination as a defense in the case of final conviction of a felony or in a case of desertion for two years. In the case of a divorce granted for adultery the fact that the provision against remarriage has been repealed indicates a legislative policy not to treat the commission of adultery as an impediment upon a subsequent marriage. That policy should apply whether both parties committed adultery or only one.

Our opinion in this case is limited to a ruling that recrimination is not an absolute bar to a divorce. We do not go so far as to hold that special circumstances might not exist where this defense would be relevant to determine which party was entitled to divorce in a case where both sought a decree.[6]

The decree of the court below will be affirmed.

GRONER, Chief Justice (concurring)

The testimony of the wife's adultery was given under a stipulation that it should be considered only on the question of her fitness to have custody of the child. In her testimony she denied the truth of the charge. The trial judge, in granting the decree of divorce and in giving the custody of the child to the wife, recognized that he had the power to deny a decree of divorce whenever and however it appeared that the moving party had been guilty of conduct that could be made the basis of a defense, if asserted, but the judge also thought that he had the right, in the public interest, to decline to exercise discretion in this respect. In considering all the evidence here, he concluded that in the interest of society generally and equally in the interest of the parties, and particularly in the interest of the infant child, the marriage should be dissolved and the custody of the child awarded to the wife.

I am willing to vote for an affirmance of the decree in this case on these grounds.

---

[4] D.C.Code 1940, § 16—403.

[5] Parks v. Parks, 1940, 73 App.D.C. 93, 116 F.2d 556.

[6] See Flagg v. Flagg, 1937, 192 Wash. 679, 74 P.2d 189, where both parties were granted a divorce for cruelty.