**BOWERS v. BOWERS.**

No. 8686.

United States Court of Appeals
District of Columbia.

Argued May 12, 1944.

Decided June 26, 1944.

---

[1] D.C.Code 1940, § 45—102.

Mr. Ethelbert B. Frey, of Washington, D. C., for appellant.

Mr. Ben Lindas, of Washington, D.C., for appellee.

Before GRONER, Chief Justice and EDGERTON and ARNOLD, Associate Justices.

EDGERTON, Associate Justice.

This is an appeal by the defendant wife from a judgment for the plaintiff husband in a suit for divorce. The complaint alleged in substance, and the District Court found, "that on July 22d, 1937, plaintiff and defendant mutually agreed to live separate and apart and that in accordance with the said agreement the said parties have lived separate and apart since the said date to the date of this judgment and that said parties have not lived together as husband and wife since the said date of July 22, 1937." The court ruled that the plaintiff was entitled to a divorce on the ground of separation for five years by mutual consent.

The District of Columbia Code 1940, § 16—403, authorizes divorce for "voluntary separation from bed and board for five consecutive years without cohabitation." The issue turns upon the continuing character of the separation, not its origin; but its origin is evidence of its continuing character. We have held that if both parties voluntarily and continuously acquiesce in separation during five years, the statute authorizes divorce even though the separation was not originally voluntary on both sides. Parks v. Parks, 73 App. D.C. 93, 116 F.2d 556. It is equally true that if either party does not voluntarily and continuously acquiesce in separation during five years, the statute does not authorize divorce even though the separation was originally voluntary on both sides. But one who contends that a voluntary separation ceased to be voluntary should have the burden of proving his contention. The separation in the present case was originally voluntary on both sides. Although the wife afterwards asked her husband to return to her, the court was "not convinced" that her requests were "made in good faith." It follows that the judgment should be affirmed.

Affirmed.