**BOYCE v. BOYCE.**

No. 8973.

United States Court of Appeals
District of Columbia.

Argued Nov. 16, 1945.

Decided Jan. 28, 1946.

Mr. Edward C. Kriz, of Washington, D. C., with whom Mr. H. G. Robertson, of Washington, D. C., was on the brief, for appellant.

Mr. William T. Hannan, of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and CLARK and WILBUR K. MILLER, Associate Justices.

WILBUR K. MILLER, Associate Justice.

The District of Columbia Code (1940) Title 16, § 403, provides that "a divorce from the bond of marriage * * * may be granted for * * * voluntary separation from bed and board for five consecutive years without cohabitation * * *." Relying on this provision, the appellant, Mary G. Boyce, sued the appellee, Malton E. Boyce, and by this appeal complains of the judgment of the District Court which dismissed the action.

The parties were married in 1920 and are the parents of four children, all of whom are now adults. Differences developed between them which culminated in a separation in January, 1931. Since that time the husband and wife have lived under the same roof but have had no marital relations. The appellant has occupied a room in the basement and the appellee a room on the second floor, which he has kept locked for several years. From the time of separation until 1942, the appellee paid the utility bills and furnished food for his wife and himself, although they did not eat their meals together. They used the same dining table, but at different times, and in 1942 the appellant notified the appellee that she no longer desired to eat his bread. The appellee claims to have made an effort, on at least two occasions, to bring about a reconciliation, but the result was further bickering and it seems that he has acquiesced silently in the separation.

Does such a situation justify the granting of an absolute divorce under the terms of the statute quoted above? We think it does. Like the situation in Parks v. Parks,[1] the separation was not at first voluntary on the appellee's part. His effort to smooth the troubled waters appears to have been slight, and it seems fair to infer that he reconciled himself to separa-

---

[1] 73 App.D.C. 93, 116 F.2d 556.

tion. As pointed out by this court in the Parks case, *the purpose of the statute is to permit the termination in law of certain marriages which have ceased to exist in fact*; and, as in that case, we think the appellee's silent acquiescence made the separation voluntary in the statutory sense.

The argument that there was no separation from bed and board for five consecutive years is too refined to be accepted, as they did not share the board, but alternated in the use of the dining table in order, presumably, to avoid friction.

Nor is the fact that the same roof sheltered both parties a condonation. The essential thing is not separate roofs, but separate lives.[2] These parties have been separated as effectively as though they were living in different homes.

It is our opinion that the lower court erred in not granting the appellant a divorce. So the judgment below is reversed and the cause is remanded. An allowance of $100 will be made to the attorneys for the appellant.

Reversed.

---

[2] Pedersen v. Pedersen, 71 App.D.C. 26, 27, 31; 107 F.2d 227, 232.