**BUFORD v. BUFORD.**

No. 9178.

United States Court of Appeals,
District of Columbia.

Argued April 3, 1946.

Decided June 28, 1946.

CLARK, J., dissenting.

————◆————

Mr. Hallock P. Long, of Washington D. C., with whom Mr. Daniel L. Grantham, of Washington, D. C., was on the brief, for appellant.

Mr. Thomas A. Farrell, of Washington, D. C., with whom Mr. Leo J. Michalowski, of Washington, D. C., was on the brief, for appellee.

Before EDGERTON, CLARK and WILBUR K. MILLER, Associate Justices.

EDGERTON, Associate Justice.

The plaintiff appeals from a judgment for the defendant in a suit for absolute divorce on the ground of five years voluntary separation without cohabitation.[1] Ap-

---

[1] D.C.Code, 1940, § 16—403, 49 Stat. 539.

pellant, the husband, filed the suit in August 1944. Appellee's answer admitted that the parties had separated in February 1939 and had not lived together afterward. The answer asserted that appellant's cruelty forced appellee to leave him, and argued that, for this reason, the separation was not "voluntary".

The District Court found the following facts. The parties were married in 1935. On March 23, 1939, appellee sued for limited divorce on the ground of cruelty. Divorce was denied but maintenance was granted. On May 12, 1941, appellant sued for absolute divorce on the ground of desertion. Divorce was denied and maintenance was also denied. Appellant went through a marriage ceremony with a third person in Maryland in 1943, and there is no showing that he is not living with her. Additional facts, concerning which the court made no findings, were proved by undisputed testimony. Appellant testified that his wife left him in February 1939 because they "did not get along" and "she maintained that [he] was unkind to her"; they did not live together afterward; and he never asked her to return. A man who lived in appellant's house testified that appellee left about 1939.

■ The court dismissed the complaint on the ground that it did not appear that the separation was voluntary. By his Maryland marriage, the court said, appellant "put it beyond the power of the parties to say whether the separation was voluntary or not". We think this erroneous. We think there was ample evidence that the separation was voluntary and no evidence that it was not.

■ According to the undisputed testimony, appellee chose to leave appellant. In other words she left voluntarily. If her choice was influenced by unkindness, or even cruelty (of which there is no evidence), on his part, that is immaterial

under our statute. To say that there is provocation or justification for an act is not to say that the act is involuntary. The purpose of the five-year law is not to punish vice or reward virtue, but "to permit termination in law of certain marriages which have ceased to exist in fact."[2] Since there is no evidence or contention that appellee afterward changed her mind and wished to return to appellant, it is obviously probable that she did not and the law presumes that she did not.[3] It is true that appellee's husband, the appellant, may not have consented to the separation when it began. But, paraphrasing what we said in the Parks case, his silent acquiescence made the separation voluntary in the statutory sense less than six months after it began and therefore more than five years before this suit was brought. When a separation has continued more than five years and neither party has tried to end it a divorce should be granted.

■ Appellant's invalid remarriage did not preclude appellant and appellee, who continued to be lawfully married, from ending their separation and resuming life together. There is no evidence that the remarriage caused either appellant or appellee to try, or even to wish, to resume life together. The remarriage is therefore immaterial in this suit. If it be assumed that appellant's bigamy led to adultery, that is likewise immaterial here, since recrimination is no longer a defense to a divorce suit.[4]

■ The proposition of the Bergheimer case, 17 App.D.C. 381, that parties to a divorce suit are not competent witnesses, ceased to be law long ago. Though testimony is necessary and admissions in pleadings are not enough,[5] the testimony of a party need not be corroborated when it is undisputed, the suit is contested, and no collusion appears.[6]

Reversed.

[2] Parks v. Parks, 73 App.D.C. 93, 94, 116 F.2d 556, 557. Bowers v. Bowers, 79 U.S.App.D.C. 146, 143 F.2d 158.

[3] Bowers v. Bowers, supra.

[4] Vanderhuff v. Vanderhuff, 79 U.S.App. D.C. 153, 144 F.2d 509.

[5] D.C.Code, 1940, § 16—419, 31 Stat. 1345.

[6] Cf. Richardson v. Richardson, 72 App. D.C. 67, 70, 112 F.2d 19, 22.

CLARK, Associate Justice (dissenting).

I cannot agree that the trial court's determination of this case should be overturned. It seems to me that in refusing to follow the trial court's finding and conclusion "that the cause * * * has not been proven, it not appearing that the separation was voluntary", the majority needlessly transgresses upon the discretionary prerogatives of the lower court. Our statute provides that a divorce "may be granted", and I do not think that the facts in this case justify our saying that this discretion was abused.

I think the tendency of the majority holding is to torture the concept of mutuality by going a step beyond the proposition that the moving party under this type of statute need not be without fault. The foundation is here put down which will enable moving parties to fabricate "voluntary" separations from their own perversity. The holding appears to me to severely limit the right of the trial court to say that a plaintiff's hands are so unclean as to preclude the award of a decree in his favor. The policy behind the statute does not require the imposition of this limitation.