**MARTIN v. MARTIN.**

No. 9331.

United States Court of Appeals
District of Columbia.

Argued Jan. 21, 1947.

Decided Feb. 24, 1947.

Mr. Nathan L. Silberberg, of Washington, D. C., for appellant.

Mr. Samuel L. Barker, of Washington, D. C., with whom Mr .William R. Lichtenberg, of Washington, D. C., was on the brief, for appellee.

Mr. Joseph Luria, of Washington, D. C., also entered an appearance for appellee.

Before EDGERTON, CLARK and WILBUR K. MILLER, Associate Justices.

WILBUR K. MILLER, Associate Justice.

The appellant, Chester M. Martin, sued his wife, Constance, the appellee, for an absolute divorce on the ground of voluntary separation from bed and board for five consecutive years without cohabitation.[1]

After hearing the evidence, the District Court of the United States for the District of Columbia made findings of fact which include the following:

"5. That the parties hereto separated on or about the month of April, 1939, and that the parties have continued to live apart to the present date.

"6. That the initial separation was caused by the actions of the plaintiff who ordered the defendant to leave their home. That defendant did not return to that home thereafter. That the defendant did not agree to this separation.

"7. That the parties for all practical purposes have been unmarried since 1939.

"9. That the defendant and the children of the parties, at the request of the defendant and on her behalf, have made known to the plaintiff at periodic intervals the desire and wish of the defendant that the plaintiff and defendant should resume a common home."

Having so found, the court concluded as a matter of law that the husband was not entitled to an absolute divorce because there had been a substantial effort on the part of the wife from the date of separation to the date of suit to effect a reconciliation with her husband. From the judgment dismissing his complaint, the husband appeals.

Since there was no dispute as to the fact that the parties had lived separate and apart, without cohabitation, for more than five consecutive years before the suit was filed, the only question is whether the separation was "voluntary" within the meaning of the statute.

At its inception, the separation was not by mutual consent, as the husband ordered the wife to leave their home, and she protestingly complied. This court has held, however, that the issue is whether the separation was voluntary or involuntary throughout its duration. Its nature at the beginning is not determinative; for even if one party did not agree to the separation at the outset, he might thereafter affirmatively consent or silently acquiesce for the required period.[2] We have also held that " * * * if either party does not voluntarily and continuously acquiesce in separation during five years, the statute does not authorize divorce even though the separation was originally voluntary on both sides." [3]

We agree with the Court of Appeals of Maryland which, in dealing with a similar statute, said, "Where a relationship exists between two persons by reason of their common consent, it can only be voluntarily terminated by both, when both are willing and intend that it be terminated. If one of his own free will and accord ends the relationship against the will and wish of the other, the termination is voluntary as to the one, involuntary as to the other." [4] As that court added, the very word "voluntary" connotes an agreement, and unless the parties agree to live apart the separation cannot be voluntary.

Because the District Court found that "the parties for all practical purposes have been unmarried since 1939," the appellant relies heavily upon the Parks, Boyce and Buford cases,[5] where we said that the liberal amendment of 1935, which is the Code section now under consideration, was intended to permit the legal ending of marriages which have ceased to exist in fact. Consequently, the appellant reasons that the court, having found that for all prac-

---

[1] District of Columbia Code (1940), Title 16, § 403.

[2] Parks v. Parks, 73 App.D.C. 93, 116 F.2d 556; Bowers v. Bowers, 79 U.S. App.D.C. 146, 143 F.2d 158, 159.

[3] Bowers v. Bowers, supra.

[4] France v. Safe Deposit & Trust Co.

of Baltimore, 176 Md. 306, 4 A.2d 717, 726.

[5] Parks v. Parks, 73 App.D.C. 93, 116 F.2d 556; Boyce v. Boyce, 80 U.S.App. D.C. 355, 153 F.2d 229; Buford v. Buford, 81 U.S.App.D.C. —, 156 F.2d 567.

tical purposes his marriage ended in 1939, should have granted a divorce. The argument is invalid for the reason that the statement quoted from the cited cases must not be extended so as to destroy the effect of the word "voluntary" which is present in the statute. The District Court may put a legal end to marriages which no longer exist in fact only in those cases where the separation has been continuously voluntary on the part of both husband and wife for the statutory period.

In the three cases mentioned the facts were not comparable to the situation present here, for there was no attempt at reconciliation in the Parks and Buford cases, and such slight effort in the Boyce case that we held there was silent acquiescence in the separation.

In each case, the court must determine from the evidence whether the spouse who resists the application for divorce actually did in good faith manifest a desire to continue the marriage relation, so as to justify the conclusion that there was no acquiescence in the separation. The District Court found in this case that the wife had not agreed to the separation, but on the contrary had consistently and insistently attempted to induce her husband to return to her. The evidence justifies that conclusion and so the judgment is affirmed.

Affirmed.