## COCCI v. COCCI.

### No. 10710.

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 10, 1950.

Decided Nov. 30, 1950.

Mr. Keith L. Seegmiller, Washington, D. C., with whom Mr. Irving Wilner, Washington, D. C., was on the brief, for appellant.

Mr. Rolland G. Lamensdorf, Washington, D. C., for appellee.

Before PROCTOR, BAZELON and WASHINGTON, Circuit Judges.

PER CURIAM.

The appellant-husband sought a divorce under section 403, Title 16 of the D.C. Code (1940), alleging voluntary separation of the parties without cohabitation during the five years immediately preceding the institution of the suit. The defendant-wife answered, alleging that the husband had deserted her; that she attempted on several occasions to obtain a reconciliation; and that she still desired reconciliation. She further counterclaimed for an award of maintenance. After taking testimony the District Court dismissed the complaint and awarded maintenance to the defendant-wife.

We must and do accord great weight to the findings of the District Court in proceedings of this kind. Morfessis v. Morfessis, 1950, 87 U.S.App.D.C. ——, 184 F.2d 468. But we consider that in

view of all the evidence in this case the separation must be deemed to have been voluntary within the meaning of the statute. Parks v. Parks, 73 App.D.C. 93, 116 F. 2d 556; Boyce v. Boyce, 80 U.S.App.D.C. 355, 153 F.2d 229; Buford v. Buford, 81 U. S.App.D.C. 169, 156 F.2d 567. There was no substantial evidence that the wife had during the statutory five-year period made any real effort to get in touch with the plaintiff-husband, much less to attempt to end the separation and reestablish the marriage relationship. There was testimony that "she sought through the intermediation of a third party to bring about a reconcilation" (Jt. App. 38A), but this was quite evidently at a time earlier than the five-year period with which we are here concerned (Jt. App. 37A). Certainly there was nothing approaching the state of facts disclosed in Martin v. Martin, 82 U.S.App.D.C. 40, 160 F.2d 20, where the wife requested the husband at "periodic intervals" to resume a common home. True, the wife here testified she did not now want, and at no time had wanted, a divorce. But this of itself does not show that the separation was not voluntary.

We consider that the divorce should have been granted. Accordingly, the judgment will be reversed and the cause remanded for proceedings not inconsistent with this opinion, and without prejudice to an appropriate application for alimony.

Reversed and remanded.