## DORSEY v. DORSEY.

### No. 3875–49.

United States District Court
District of Columbia.

Dec. 26, 1950.

Harrison Fargo McConnell, Washington, D. C., for plaintiff.

George A. Horkan, Washington, D. C., Lester R. Conley, Arlington, Va., for defendant.

TAMM, District Judge.

Plaintiff sued defendant for an absolute divorce alleging a five-year voluntary separation.

Plaintiff married defendant on January 29, 1929. Defendant was adjudicated insane on September 14, 1934, and was committed to Saint Elizabeth's Hospital. The Superintendent of Saint Elizabeth's Hospital certified on October 31, 1936, that defendant was then of sound mind. On November 6, 1936, defendant was adjudged of sound mind and sane and released from St. Elizabeth's Hospital. On the 21st of December, 1936, defendant was again adjudged of unsound mind and recommitted to St. Elizabeth's Hospital.

Plaintiff alleged that during the interim between the two periods of insanity and commitment, defendant while sane in fact and in law left plaintiff with plaintiff's consent and that a voluntary separation ensued which was of five years duration and which is the basis of this action.

The question of law which must be resolved is whether there was under the facts of this case a voluntary separation as provided for in section 16—403 of the District of Columbia Code.

There was no voluntary separation of five years duration as provided for in the Code. Originally, the separation was voluntary. Defendant was a very short time

thereafter adjudged of unsound mind and committed. She remains in that condition of mental derangement and is at present committed.

The original character of the separation is not determinative of its ensuing nature. The Court of Appeals in Bowers v. Bowers, 1944, 79 U.S.App.D.C. 146, 143 F.2d 158, 159, held that:

"The issue turned upon the continuing character of the separation, not its origin; but its origin is evidence of its continuing character. We have held that if both parties voluntarily and continuously acquiesce in separation during five years, the statute authorizes divorce even though the separation was not originally voluntary on both sides. Parks v. Parks, 73 App.D.C. 93, 116 F.2d 556. It is equally true that if either party does not voluntarily and continuously acquiesce in separation during five years, the statute does not authorize divorce even though the separation was originally voluntary on both sides. But one who contends that a voluntary separation ceased to be voluntary should have the burden of proving his contention."

Subsequent to the second determination of defendant's insanity on December 21, 1936, the defendant became incapable of determining the character of the separation, voluntary or otherwise. This rebutted the presumption that the separation continued to be voluntary.

What the Code requires with respect to voluntary separation of a five year duration is not mere physical separation. It is a concurrence of two factors which the Code requires to establish a five year voluntary separation. It is a physical separation plus a mental disposition which gives a voluntary character to the separation which the Court must find in order to fulfill the Code requirements.

It is evident that the initial character of the separation is not determinative of the voluntariness of the separation. It does have a certain probative value in helping the Court ascertain the subsequent pattern of the separation. The Code as construed by the Court of Appeals has held that the separation must be voluntary for a five year period. This requirement of continuing voluntariness which must characterize the separation obviously can be made only by one capable of decision. An insane person is not so capable. Analytically and common sense-wise, it is clear that one legally adjudged insane is not capable of a determination of the voluntariness of a marital separation, and hence, a showing that the separation was in its inception voluntary, and that only a short time later the wife was recommitted to a mental institution upon a redetermination of her insanity, rebuts the presumption that the separation continued to be voluntary.

The plaintiff's suit for divorce is hereby denied.