## DAUSUEL et al. v. DAUSUEL.
### No. 10782.

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 18, 1951.

Decided March 13, 1952.

James Andrew Dausuel, pro se.

Arthur L. Willcher, Washington, D. C., entered an appearance for appellee.

Before EDGERTON, CLARK, and FAHY, Circuit Judges.

EDGERTON, Circuit Judge.

This appeal is from a judgment setting aside a deed, upon a judgment creditor's bill brought by appellee Martha Dausuel against her divorced husband, appellant James A. Dausuel (hereafter called ap-

pellant), the grantor in the deed, and appellant Carter, the grantee. The judgment on which appellee sued had awarded her a divorce and alimony. The judgment now here on appeal, besides setting aside the deed, orders appellant to pay $3,120 as arrears of alimony.

 Appellant filed on May 11, 1950 an "Amended Answer on Judgment Creditor's Bill and to Set Aside Divorce Judgment on Ground of Fraud and for Divorce to be Granted Defendant on Grounds of Adultery." This pleading alleges appellee testified in the divorce proceedings that she was a faithful and dutiful wife whereas in point of fact she was and had been living in adultery with certain named individuals. It alleges also that appellee testified she did not know what her monthly earnings were, whereas actually she knew they were more than $180. We think this pleading should be construed, in accordance with its expressed intention, as a cross-complaint asking annulment of the divorce on the ground it was obtained by fraud. A court may at any time set aside a judgment for after-discovered fraud upon the court. Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 244, 64 S.Ct. 997, 88 L.Ed. 1250. Rule 60(b), Fed. Rules Civ.Proc. 28 U.S.C.A., expressly "does not limit" the power of a court to entertain an action for that purpose.

At the present trial appellant sought to introduce appellee's pay record and also evidence that a man named in the amended answer lived for a time in appellee's apartment. The court excluded both as irrelevant. We think this was error. Although recrimination is not an absolute bar to divorce, Vanderhuff v. Vanderhuff, 79 U.S.App.D.C. 153, 144 F.2d 509; Thompson v. Thompson, 82 U.S.App. D.C. 325, 164 F.2d 705, it is relevant, as we implied in the Vanderhuff case, on the question which party is entitled to a divorce. The wife's conduct, and also her earnings, are relevant on the question of alimony. Quarles v. Quarles, 86 U.S.App. D.C. 41, 179 F.2d 57; Barnett v. Barnett, 292 Ky. 840, 844, 168 S.W.2d 17, 19. If, as appellant alleges, appellee testified falsely concerning these matters during the divorce proceedings she committed fraud on the court. Appellant should have been permitted to introduce the excluded evidence since it would tend to show that appellee testified falsely.

In addition we understand appellant's answer filed September 9, 1948, as well as his amended answer, to assert a claim that the alimony originally awarded is excessive and should be reduced for that reason. A court may set aside for fraud instalments of alimony after they have accrued, like any other judgment. Moreover it may always reduce them prospectively as of the time when reduction is asked. Kephart v. Kephart, 89 U.S.App.D.C. ——, 193 F.2d 677; certiorari denied, 72 S.Ct. 557.

If the District Court finds the facts to be as appellant alleges it may in its discretion (1) set aside the divorce, in which case accrued as well as prospective instalments of alimony would fall, or (2) on the ground of fraud, set aside or reduce both accrued and prospective instalments of alimony, or (3) reduce the amount of alimony from and after September 9, 1948.

Reversed.