## ULINE v. ULINE.
### No. 11677.

United States Court of Appeals
District of Columbia Circuit.

Appeal Argued March 17, 1953.

Decided May 21, 1953.

Motion to Vacate Judgment Decided
June 11, 1953.

Mr. James F. Reilly, Washington, D. C., with whom Messrs. William E. Leahy and William J. Hughes, Jr., Washington, D. C., were on the brief, for appellant.

Mr. Edmund D. Campbell, Washington, D. C., with whom Mr. Grant W. Wiprud, Washington, D. C., was on the brief, for appellee.

Before PROCTOR, BAZELON and WASHINGTON, Circuit Judges.

PER CURIAM.

This is an appeal by Mrs. Uline from a decree of absolute divorce granted to her husband under section 403, Title 16 of the District of Columbia Code. (1951). The grounds were voluntary separation of the parties from bed and board for five consecutive years without cohabitation.

The evidence showed beyond dispute that the parties originally lived in Cleveland; that the husband came to the District in 1930 and has lived here ever since; that the wife has lived in Toledo for most of the intervening period, and still lives there; and that the husband has always been unwilling—and the wife willing—to resume marital relations. The area of disagreement is this: did the separation become voluntary, and remain voluntary, within the meaning of the statute, for the necessary five years? The answer depends on whether the wife in fact acquiesced in the separa-

tion. We have held that silent acquiescence could properly be found when the wife neither asked the husband to return nor "made any other attempt to bring about a reconciliation."[1] Like holdings were made where neither party "tried to end" the separation,[2] and where the wife made no "real effort to get in touch with the plaintiff-husband, much less to attempt to end the separation and reestablish the marriage relationship."[3] But we held otherwise where the wife made known to the husband "at periodic intervals" her desire that they resume a common home.[4]

In the instant case, the pertinent findings of the trial court are these:

"6. At or about the year 1938 the defendant [wife] abandoned hope of reconciliation with the plaintiff and has thereafter reluctantly recognized their permanent separation as a reality, although she has always continued to oppose plaintiff's suggestions for a divorce, and in her own mind has always desired and been willing to resume the marital status.

"7. Such efforts as defendant has made to effect a reconciliation have been generalized and sporadic rather than specific, sustained and continuous. She made no effort through her daughters or grandchildren to effect a reconciliation."

The evidence on these matters was conflicting. Among other things, the wife testified that she sent letters to her husband every Christmas during the years 1935 to 1949, asking for reconciliation. It was stipulated that the husband would have testified, had he been physically able to take the stand, that he received no such letter or card after 1933. There was a like conflict as to personal efforts allegedly made by Mrs. Uline with a view to reconciliation.

The findings do not resolve these conflicts. The trial court simply characterized

defendant's efforts to effect a reconciliation as "generalized and sporadic rather than specific, sustained and continuous." If Mrs. Uline's testimony be accepted at full value, its conclusion seems erroneous. If her testimony be wholly discounted, the contrary is the case. Still other constructions of the evidence are possible. The findings are thus not sufficiently specific to enable us to perform our task of review, and to apply the tests stated in the precedents. We cannot pass on the legal effect of Mrs. Uline's actions until we have the findings of the trier of facts as to what those actions were. The case must be remanded for that purpose. The trial court, of course, has discretion as to whether it should make new findings on the present record or take additional evidence, and as to whether the case should be expedited.

So ordered.

### On Motion to Vacate and Set Aside Judgment.

### PER CURIAM.

The opinion rendered by this court on May 21, 1953, was accompanied by entry of judgment on the same date. One week later, our mandate not having issued, the appellant filed a motion asking this court to vacate and set aside its judgment of May 21. The moving papers stated the following as grounds for relief:

"A. Appellant has advised her counsel that because of her advanced age and illness further litigation would be detrimental to her health.

"B. She has been advised by her daughters, both of whom are mature ladies, that the appellee's health is still precarious and she feels that continuation of the litigation would possibly endanger his life and thereby impair her assurance of continued support which exists under the judgment of the Dis-

1. Parks v. Parks, 1940, 73 App.D.C. 93, 116 F.2d 556, 557.

2. Buford v. Buford, 1946, 81 U.S.App.D.C. 169, 156 F.2d 567, 568.

3. Cocci v. Cocci, 1950, 88 U.S.App.D.C. 43, 44, 185 F.2d 898, 899. We added: "True, the wife here testified she did not now want, and at no time had wanted, a divorce. But this of itself does not show that the separation was not voluntary."

4. Martin v. Martin, 1947, 82 U.S.App.D.C. 40, 160 F.2d 20, 21.

872

trict Court herein and which, by its terms, is a charge against his estate. She prefers that security to further litigation herein.

"C. No consideration, financial or otherwise, has been advanced by the husband to the wife, either directly or indirectly, influencing her conclusion to ask the relief herein requested. There is, of course, the continuing responsibility of the husband to pay alimony as directed by the District Court as well as costs and attorneys fees.

"D. The appellee, through his counsel, has consented to the dismissal of the appeal herein and will file an appropriate answer to this motion."

Appellee thereupon filed an answer admitting the allegations of fact contained in appellant's moving papers, and adding "Appellee avers that he has not offered, promised, or in any manner provided for any gain or credit of any kind to the appellant in consideration of or in connection with her proposed dismissal of this appeal."

Our power to grant the relief requested is beyond question, since the term of court has not come to a close. Henderson v. Carbondale Coal & Coke Co., 1891, 140 U.S. 25, 11 S.Ct. 691, 35 L.Ed. 332; cf. United States v. Mayer, 1914, 235 U.S. 55, 35 S.Ct. 16, 59 L.Ed. 129. The judgment of the District Court is still in effect, our mandate not having issued. Our opinion of May 21 was not based on any fundamental defect in that judgment. It simply pointed out that the findings of the court were not sufficiently definite or precise to enable us to perform our task of review. Under all the circumstances, no useful purpose would be served by requiring the parties to go back to the District Court for further proceedings, when both now wish to end their courtroom struggles. The termination of litigation on an amicable basis is an objective favored by the law, and in this case we find no supervening factor of public policy which would lead us to insist on prolonging the litigation. The assurances given by the parties that no financial consideration has played a part in the matter do much to relieve our minds in this respect.

Our judgment of May 21, 1953, will therefore be set aside, and the appeal will be dismissed.

So ordered.