Barbara Joy HENDERSON, Appellant,

v.

Thomas S. T. HENDERSON, Appellee.

Nos. 3581, 3582.

District of Columbia Court of Appeals.

Argued Dec. 7, 1964.

Decided Jan. 14, 1965.

Rehearing Denied Jan. 28, 1965.

Marvin C. Taylor, Washington, D. C., for appellant.

H. George Schweitzer, Washington, D. C., with whom Thomas B. Heffelfinger and George Herbert Goodrich, Washington, D. C., were on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge:

In 1963 appellee (husband) filed an action against appellant (wife) for an absolute divorce on the ground of five years' voluntary separation. In 1964 the wife filed an action against the husband seeking to vacate and set aside a property settlement agreement dated June 9, 1960, and to obtain in lieu thereof an order for maintenance and support. The two cases were consolidated for trial and resulted in judgments in favor of the husband in both instances. These appeals by the wife ensued.

## (1) ABSOLUTE DIVORCE

■ Section 16–904(a) of the District of Columbia Code, 1961 (Supp. III 1964), provides that an absolute divorce may be granted when the husband and wife have been voluntarily separated from bed and board for five consecutive years without cohabitation. One of the essential elements that the complaining party must establish is that the separation was voluntary on the part of both for the statutory period. Maur v. Ciabarro, D.C.Mun.App., 154 A. 2d 366 (1959). The petitioning party, if it cannot be proved that his or her spouse had agreed to the separation throughout the five years or had silently acquiesced therein, must establish that the other spouse did not in good faith manifest a desire to continue the marriage, thus justifying the conclusion that there had been acquiescence in fact to the separation for the critical period. Roberts v. Roberts, 95 U.S.App.D.C. 382, 384, 222 F.2d 408, 410 (1955). The nature of the separation at its inception is not determinative of its continuing char-

acter but is only evidence thereof, and if one spouse did not agree to the separation at the beginning, that spouse may thereafter affirmatively consent or silently acquiesce therein for the required period. Martin v. Martin, 82 U.S.App.D.C. 40, 41, 160 F.2d 20, 21 (1947). Even though one spouse might oppose an application for a divorce on the basis that the separation was not mutually voluntary, if the efforts made toward a reconciliation were so slight as to amount to a nullity, silent acquiescence will be held to have taken place and the divorce will be granted. Boyce v. Boyce, 80 U.S. App.D.C. 355, 153 F.2d 229 (1946). In each case the trial judge must decide from all the testimony whether the spouse who disputes that the separation was voluntary did in good faith manifest a real desire to continue the marriage status. "Manifest" connotes a plain or open showing of a desire to resume the marital relationship which must be directed to the petitioning party. Desires not reflected in conduct have little or no legal significance. Parks v. Parks, 73 U.S.App.D.C. 93, 116 F.2d 556 (1940). If either spouse does not continuously acquiesce in the separation during the five years, the statute does not authorize a divorce. Absent proof of mutual consent to the initial separation of the parties, the issue of continuing voluntariness of the separation for the required consecutive five years is generally a question of fact for the trial judge. Scott v. Scott, D.C. Mun.App., 147 A.2d 449 (1959).

■ The record reveals that the parties were married in New York on September 5, 1934. One child, now emancipated, was born to the marriage. On November 1, 1957, following a violent quarrel, the husband left the marital abode and has never returned. The parties have continued to live separate and apart from bed and board for more than five years. On November 7, 1963, the husband filed suit for absolute divorce. He contends that after he left the wife made no overtures to him toward reconciliation, although he resided in the District of Columbia, and that the separa-

tion became voluntary by her silent acquiescence therein continuing without interruption and without cohabitation for at least five years. On the other hand, the wife denies that the separation on her part was ever voluntary.

There is ample support in the record for the finding of the trial judge that shortly after the husband left the marital abode the separation became voluntary on the part of the wife for a period of over five years, which finding was not overcome by proffered testimony that on various occasions during the separation period the wife had *told* certain witnesses that she did not want the separation and desired a renewal of the marital relationship. As these desires were never communicated to the husband at any time, they cannot be equated with conduct manifesting a good-faith desire to resume married life together. Absent such proof, we must sustain the trial judge's findings that the wife had acquiesced in the mutual voluntary separation of the parties for five consecutive years and affirm the judgment of absolute divorce legally terminating a marriage that in fact was ended.

## (2) PROPERTY SETTLEMENT AGREEMENT

On June 9, 1960, after lengthy negotiations between the parties and their attorneys a property settlement agreement was reached and executed by the wife and husband. It is this agreement which the wife seeks to set aside.

In the absence of fraud, duress or concealment, a husband and wife may enter into a valid property settlement which will be binding upon them if fairly and voluntarily made and if intended as a complete and final disposition of all property rights and claims between them. Le Bert-Francis v. Le Bert-Francis, D.C.Mun.App., 175 A.

2d 602, 603, 604 (1961). Such agreements are to be encouraged and when made should be enforced. Travis v. Travis, D.C. App., 203 A.2d 173, 175 (1964). The party attacking a property settlement agreement has the burden of proving its invalidity. Le Bert-Francis v. Le Bert-Francis, D.C. App., 194 A.2d 662, 663 (1963).

The wife contends that her signature was obtained by misconduct, concealment and unconscionable pressure by the husband, warranting a holding that the agreement should not be enforced. The husband's misconduct was alleged to be his concealment of his financial situation, his refusal to incorporate in the agreement a "percentage of income" clause, and his willingness to pay only $2,500 a year for her support in the light of her financial status. In lieu of the agreement, the wife asked for a court order fixing maintenance and support.

The trial court held:

"The parties were dealing at arm's length through competent counsel and that the counsel for the [wife] had every technique and method of ascertaining the facts in support of any litigation they might desire to institute rather than execute said agreement; that the agreement between the parties dated June 9th, 1960, is an agreement fairly and voluntarily made and intended as a complete and final settlement of all claims between the parties, including the wife's claim to maintenance, and is valid and enforceable."

The ruling of the trial judge that the agreement was valid and enforceable is supported by the record and the judgment denying the wife's request for an order for maintenance was proper.

Affirmed.