Clarence L. JOHNSON, Appellant,

v.

Emma J. JOHNSON, Appellee.

No. 3879.

District of Columbia Court of Appeals.

Submitted May 16, 1966.

Decided July 5, 1966.

Roy M. Ellis, Washington, D. C., for appellant.

No appearance for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge:

Appellant-husband sought an absolute divorce on the ground of five years' voluntary separation. The trial court denied the divorce, holding that the separation had not been voluntary on the part of appellee-wife. Appellant's motion for a new trial was subsequently denied and this appeal followed.

The record indicates conflict concerning the essential elements of the litigation. Appellant testified that there was an argument in 1958 after which he and his wife led completely separate lives although residing un-

der the same roof. He stated that at no time had she made any attempt at reconciliation. Appellee testified, on the other hand, that they "lived together" for several weeks after the argument before they began to live separately in the house. She further stated that she made continuous attempts at reconciliation, two specific instances being in 1960 and January 1965, but that her efforts were thwarted each time.

■ Appellant first argues that the trial court erred in its oral findings that appellee's testimony regarding her reconciliation efforts was uncontradicted. This argument, however, ignores the following written findings:

> "4. * * * The plaintiff did not sustain his burden of proof that the separation was voluntary and mutual for a period of five years. The defendant wife had requested the plaintiff to live with her in 1960. She made continued efforts thereafter both by request and conduct. Again, during the first part of the year of 1965 she asked him to forgive and forget and attempt a reconciliation."

It is inmaterial whether these findings are based on the trial court's belief as to the credibility of the witnesses or on the sufficiency of the evidence; if the former, we are bound by its determination, Hamilton v. Hamilton, D.C.Mun.App., 158 A.2d 677 (1960); O'Lea v. O'Lea, D.C.Mun.App., 138 A.2d 486 (1958), and if the latter, we hold that the findings are adequately supported by competent evidence in the record.

■ Appellant contends that in any event, appellee's efforts at reconciliation fall far short of the requirements set by the courts. We note that to establish the ground for divorce alleged herein—having failed to show either that appellee affirmatively agreed to the separation throughout its duration or that she silently acquiesced in it for a five-year period—appellant was required to show that she actually did not in good faith manifest a desire to continue the marriage relation, thus justifying the conclusion that she had acquiesced in the separation. See Roberts v. Roberts, 95 U.S.App.D.C. 382, 222 F.2d 408 (1955) and cases cited therein.

■ The element of good faith on the part of appellee is implicit in the findings of the trial court set forth supra. Furthermore, the court found "continued efforts" at reconciliation "both by request and conduct" thus distinguishing the case at bar from Boyce v. Boyce, 80 U.S.App.D.C. 355, 153 F.2d 229 (1946) (efforts so slight as to amount to a nullity), and placing it squarely within the rule of Parks v. Parks, 73 App. D.C. 93, 116 F.2d 556 (1940), that desires must be reflected in conduct in order to have legal significance. The evidence further shows that the desire to resume the marital relationship was directed to the appellant. Henderson v. Henderson, D.C. App., 206 A.2d 267 (1965).

All the findings below have support in the record and will not be disturbed on appeal.

Affirmed.