**Gloria McDANIEL, Appellant,**

v.

**John McDANIEL, Jr., Appellee.**

**No. 4512.**

District of Columbia Court of Appeals.

Argued April 14, 1969.

Decided June 16, 1969.

Bernard S. Gild, Washington, D. C., for appellant.

Joseph P. McCormick, Washington, D. C., for appellee.

Before FICKLING, KERN and GALLAGHER, Associate Judges.

PER CURIAM:

The court below granted appellee an absolute divorce from appellant, his wife, on the ground of voluntary separation for one year.[1] The court awarded custody of their child to appellant and directed appellee to pay $75 per week for support and maintenance of the child and $400 to appellant's counsel for services rendered.

The court made findings that the parties were married in 1955, that one child was born of such marriage, that they separated in 1960 and such separation continued uninterrupted to the date appellee filed his complaint, and that after 1961 appellant made no good faith efforts to effect a re-

---

1. D.C.Code 1967, § 16–904(a) states in pertinent part:

    A divorce from the bond of marriage or a legal separation from bed and board may be granted for adultery, actual or constructive desertion for one year, voluntary separation from bed and board for one year without cohabitation * * *.

**408**

conciliation and to continue the marriage. *See* Boyce v. Boyce, 80 U.S.App.D.C. 355, 153 F.2d 229 (1946); Roberts v. Roberts, 95 U.S.App.D.C. 382, 222 F.2d 408 (1955).

▮ Appellant argues that upon the evidence adduced the support payment and counsel fee ordered by the trial court were inadequate and that the trial court erred in finding that appellant did not show in good faith a desire to continue the marriage and concluding that she silently acquiesced in the separation. We have carefully reviewed the record and we conclude that the amount of support and maintenance and attorney's fees was not unreasonable and that there is sufficient evidence to support the trial court's holding that the separation was voluntary and appellee was entitled to a divorce.

Affirmed.