**Agatha M. LEE, Appellant,**

v.

**Bernard N. LEE, Appellee.**

**No. 6649.**

District of Columbia Court of Appeals.

Argued Feb. 28, 1973.

Decided July 20, 1973.

---

1. Super.Ct.Civ.R. 12(b)(6).

Jess Joseph Smith, Upper Marlboro, Md., pro hac vice, member of the bar of the State of Md., with whom Arthur J. Whalen, Jr., Washington, D. C., was on the brief, for appellant.

Bruce R. Harrison, Seat Pleasant, Md., for appellee.

Before NEBEKER, YEAGLEY and HARRIS, Associate Judges.

YEAGLEY, Associate Judge:

The wife appeals from a judgment granting to the appellee-husband an absolute divorce on the ground of voluntary separation for more than one year,[1] awarding custody and child support to the wife-appellant and ordering a division of their real property, one house located in the District of Columbia, one in Maryland and twelve lots. The two houses were rental properties, the family having last resided together in a house owned by appellant's now deceased mother. We affirm.

The parties lived together as man and wife from the time of their marriage on December 30, 1956, until sometime between January 15 and January 28, 1968, at which time they mutually agreed to separate. They have lived separate and apart continuously from that date without cohabitation. During their marriage one child was born on August 21, 1957.

In 1968, after the separation, appellant filed an action for custody and child support, which she was granted. On March 22, 1969, appellee filed an action in Superior Court for an absolute divorce on the ground of voluntary separation for more than one year. Appellant filed a counterclaim for absolute divorce on the ground of desertion and asked for a division of the jointly owned property and for an increase in child support.

On March 7, 1972, the court granted the husband an absolute divorce on the ground of voluntary separation for more than one year and denied the wife's request for a divorce on the ground of desertion. A division of the real property was ordered with the appellant-wife getting the rental house

1. D.C.Code 1967, § 16-904.

in Maryland, the husband getting the rental house in the District of Columbia, and the parties each getting six of the twelve unimproved lots in Maryland. The court also increased the child support from $125 to $150 per month.

Appellant raises three issues on appeal:

(1) Whether the court erred in not granting the divorce on the ground of desertion;

(2) Whether the court erred in making an equal division of the real property; and

(3) Whether the court erred in not granting more child support than it did.

Appellant contends that since she did not initially voluntarily separate from the husband, the trial judge erred in not granting the divorce to her on the ground of desertion by the husband, and for the further reason that she attempted reconciliation during the time of separation. As a consequence, she argues that even if the initial separation was voluntary, it became involuntary on her part during the separation.

The trial court found and we agree that the initial separation was voluntary. However, at trial both parties testified that appellant had at one time contacted appellee approximately three months after the initial separation and requested that he return home, but he refused to do so.

■ One of the essential elements that must be established by the party moving for a divorce based upon voluntary separation is that the separation was voluntary for the statutory period.[2]

In each case the trial judge must decide from all the testimony whether the spouse who disputes that the separation was voluntary did in good faith *manifest*

a real desire to continue the marriage status. "Manifest" connotes a plain or open showing of a desire to resume the marital relationship which must be directed to the petitioning party. . . .[3]

The appellant's own testimony on cross-examination shows that her request that the appellee returned home was not intended as an invitation to resume the marital relationship. In answer to the question: "Did you ask your husband to return and resume the marriage?" she responded, "Well, I did not ask him to return to resume the marriage. I asked him if he would return to the home—frankly, for the benefit of the child." [Tr. at 46.]

■ It is clear from the foregoing testimony that appellant did not "manifest" a desire to resume the marital relationship and thus did not exhibit the "plain or open showing" that is necessary to change the characterization of the separation.

■ In regard to appellant's contention that she had been deserted by her husband we have said previously:

In order to establish desertion, it must be shown that there was "a voluntary intentional abandonment of one party by the other, without cause or justification and without the consent of the party abandoned." In the present case the record reveals that the husband consented to—if, in fact, he did not compel—his wife's departure from the marital abode . . . . (Citations omitted.) [Novak v. Novak, D.C.App., 212 A.2d 341, 342 (1965).]

This case is similar except here it was the wife who agreed to the departure. Since the separation stands as being voluntary, we hold that the trial court did not commit

2. Henderson v. Henderson, D.C.App., 206 A.2d 267 (1965).

3. *Id.* at 269.

error in refusing to grant appellant an absolute divorce on the ground of desertion.

■ Appellant secondly contends that it was error to divide the real property equally among the parties. Our Code provides that the trial court has in its exercise of sound discretion the right to divide the real property "in such manner as seems equitable, just, and reasonable". D.C.Code 1967, § 16–910. Both parties were employed and the court made a finding that the parties contributed equally to the purchase and upkeep of the properties. The court had before it the relevant details, including the cost of the properties, the cost of maintenance, the source of payments and the unpaid balance on each mortgage. Each case must be decided on its own particular circumstances and the record here reflects that there was ample evidence to support the court's findings. We are satisfied that the trial court considered all relevant factors and we cannot say that it abused its discretion in attempting to divide the property equally. Leibel v. Leibel, D.C.App., 190 A.2d 821 (1963); Lundregan v. Lundregan, D.C.Mun.App., 176 A.2d 790 (1962). Cf. Mumma v. Mumma, D.C.App., 280 A.2d 73, 75 (1972).

■ Lastly, the appellant contends that the trial court did not grant a fair increase in child support. In this area, as in the division of property, the court has wide discretion which will not be disturbed except for a clear abuse of that discretion.[4] The trial court had before it adequate financial information as to each party, and data regarding the expenses of caring for the minor child, and considered all such information in making its determination as to reasonable child support. On this record we cannot say that the award for child support was an abuse of the discretion that necessarily must be lodged in the trial court.

Affirmed.

4. Dawson v. Dawson, D.C.App., 193 A.2d 70 (1963).