## BUTLER v. BUTLER.

### No. 8996.

United States Court of Appeals
District of Columbia.

Argued Jan. 17, 1946.

Decided March 18, 1946.

Mr. Perry W. Howard, of Washington, D. C., for appellant.

Mr. Emory B. Smith, of Washington, D. C., for appellee.

Before GRONER, Chief Justice and EDGERTON and CLARK, Associate Justices.

PER CURIAM.

This is an appeal by plaintiff husband from a judgment of the lower court denying him a divorce from defendant wife under the District of Columbia "voluntary separation" statute.[1]

The trial court found that the plaintiff deserted the defendant in 1936 and "that there was no agreement between the parties to separate, nor did the separation become voluntary by acquiesence." It appears from the record that throughout the separation the defendant wife was demonstrably interested in bringing about a reconciliation. She maintained their living quarters for sometime after the plaintiff had gone to live elsewhere. Because of an alleged promise by the plaintiff, that a reconciliation would ensue, she spent a night in September of 1942 in a family relationship with her spouse. Thereafter, for some weeks she held herself in readiness to take up residence with the plaintiff. There is no indication that she at any time willingly accepted or acquiesced in the separation.

For the plaintiff to be entitled to a divorce under the applicable provision of the District Code it must be established that the separation was voluntary at the outset, or that "the defendant's silent acquiesence made the separation voluntary, in the statutory sense * * *.[2]

Much of appellant's argument centers around the definition of the word "cohabitation." In our view of this case we do not find it necessary to discuss or define the word as it appears in the statute. It is sufficient to say that in this case the fact of undenied sexual intercourse, supported by the other circumstances of the separation, shows the separation to be not "voluntary" in the sense required by the law.

The appellant urges that the trial court erred in signing findings and conclusions that go beyond the scope of the issue before the court. While the findings and conclusions may have exceeded the limits essential to a decision on the case, we are not prepared to say that the extraneous material constitutes reversible error. The record amply supports the ultimate result reached.

Affirmed.

---

[1] District of Columbia Code, 1940, § 16—403.

[2] Parks v. Parks, 73 App.D.C. 93, 94, 116 F.2d 556, 557. See also: Bowers v. Bowers, 79 U.S.App.D.C. 146, 143 F.2d 158, 159, where we said: "It is equally true that if either party does not voluntarily and continuously acquiesce in separation during five years, the statute does not authorize divorce even though the separation was originally voluntary on both sides. But one who contends that a voluntary separation ceased to be voluntary should have the burden of proving his contention."