**HURD v. HURD.**

**No. 10171.**

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 9, 1949.

Decided Dec. 27, 1949.

Messrs. Kenneth B. Hamilton and Luther E. Angle, Washington, D. C., for appellant.

No appearance for appellee.

Before McALLISTER, sitting by designation, CLARK and BAZELON, Circuit Judges.

McALLISTER, Circuit Judge.

Mary Beck Hurd, appellant, brought suit for divorce from marriage on the ground of voluntary separation from bed and board for five consecutive years without cohabitation. On the conclusion of the proofs, the district court denied a decree of divorce on the ground that appellant's evidence was insufficient; and she appeals.

The proofs disclosed that the parties were married April 10, 1930. On September 2, 1938, a child was born of the marriage, who is now living with appellant, and has been continuously with her since birth. From the time of their marriage, the parties continued to reside together and cohabit as man and wife until August 15, 1941. At that time, differences arose between them, and they agreed to live apart from each other, and voluntarily separated from bed and board. About the time of this separation, the husband agreed to a property settlement, and as a result thereof, conveyed to appellant certain property including their home in the District of Columbia. However, in view of the husband's inability to get a room due to the crowded conditions in Washington in 1941, and on account of the additional money he could contribute to the support of their infant child, it was amicably agreed between the parties that he could have a room in their former home. This room was adjacent to the bedroom occupied by appellant and her child. Appellant's father lived in

the same house. The parties did not thereafter live together socially or in the home. The husband had no meals in the house after the date of separation in 1941; he was never there except between approximately midnight and 6:00 or 6:30 o'clock in the morning. He contributed $15.00 a week to the support of his daughter up to July, 1948, when the parties entered into a separation agreement relative to the custody of the child, in which it was agreed that appellant would have such custody and that appellee would pay her $50.00 a month for the child's support. At the time of this agreement, the husband moved from the home and appellant sold it, and with her child, moved to her father's home, where she is now living. When the case was heard in 1948, the parties had not cohabited for seven years.

Appellant's testimony with respect to all of the foregoing was undisputed, and the trial court stated that it did not question her veracity. In addition, her testimony was supported by two other reputable witnesses. However, the court declined to grant a decree on the ground that even though marital relations had ceased between them, such a circumstance would not lead to the conclusion that there was a voluntary separation between them; that this was only evidence of estrangement and not of separation; that a vital fact in the case was that even though all marital relations had ceased between them, the parties continued to live in adjoining bedrooms. The court, accordingly, dismissed the complaint.

Title 16, Section 403, of the District of Columbia Code, 1940, provides: "A divorce from the bond of marriage * * * may be granted for * * * voluntary separation from bed and board for five consecutive years without cohabitation, * * *."

 That the parties to a divorce suit continue their residence in the same dwelling, is merely a fact which is evidentiary on the question whether they are living together as husband and wife; but a wife seeking a divorce under the District of Columbia Code is not required to live separate and apart from her husband further than so to segregate herself from him as to avoid condoning acts which she charges as the basis for divorce. "To do this, the essential thing is not separate roofs, but separated lives—that the parties so live, whether under one roof or two, as to abandon with apparent permanency of intention, the relation of husband and wife in all but the most technical legal sense." Continued occupancy of the same house may be evidence of harmonious relations, or of compelling necessity on the part of one or both of the parties. Pedersen v. Pedersen, 71 App.D.C. 26, 107 F.2d 227. Where parties have continued to live in the same house, and alternated in the use of the same dining table, it is held that this is not a circumstance affecting the granting of a divorce, where there had been a voluntary separation from bed and board for the statutory period without cohabitation. For, as was observed, the parties, in such a case, are actually separated as effectively as though they were living in different homes. Boyce v. Boyce, 80 U.S.App.D.C. 355, 153 F.2d 229. Acquiescence in such separation is "voluntary" within the meaning of the statute, the purpose of which is to permit termination in law of certain marriages which have ceased to exist in fact. Parks v. Parks, 73 App.D.C. 93, 116 F.2d 556.

In this case, under the law and the evidence, appellant was clearly entitled to a decree of divorce. It appears that a property settlement has been entered into between the parties and, apparently, suitable provision has been made by the husband for the support of the minor child.

In accordance with the foregoing, the judgment is set aside, and the case remanded to the district court for entry of a decree in favor of appellant in accordance with this opinion.