## HAWKINS v. HAWKINS.

### No. 10767.

United States Court of Appeals District of Columbia Circuit.

Argued March 23, 1951.

Decided June 21, 1951.

Milton Kaplan, Washington, D. C., for appellant.

William Wendell, Washington, D. C., for appellee.

Before EDGERTON, WILBUR K. MILLER, and WASHINGTON, Circuit Judges.

EDGERTON, Circuit Judge.

In 1948 the appellant sued her husband, the appellee, for absolute divorce. Her complaint alleged that in 1928 the parties "ceased their marital relations, removed to separate and independent parts of the home owned jointly by them, and since that date their separation has been continuous and without cohabitation." A statute allows absolute divorce for "voluntary separation from bed and board for five consecutive years without cohabitation". D.C.Code (1940) § 16–403, 49 Stat. 539.

There was undisputed testimony to these facts. Ever since 1928 the parties had no marital relations, occupied separate bedrooms, did not visit friends or go out together, and had no sort of social life together. For some years there were chil-dren living at home. The whole family sometimes, though not usually, ate together, but even on these occasions the husband and wife did not speak to each other. Two daughters, now grown and married, cor-roborated appellant's testimony to the full-est possible extent.

After appellant testified and before her daughters did, the court said to her counsel: "If your client was corroborated in every respect by a dozen witnesses, it would not have the slightest effect on the Court, in so far as this case is concerned. These people have been living together and are still living together, according to the testimony of the plaintiff herself, and the divorce will be refused." We think this explains the court's findings of fact: "1. That the plaintiff has not proven to the satisfaction of the Court the material allegations of her Bill of Complaint. 2. That the Court does not believe from the evidence that the parties hereto have been voluntarily separated for a period of five years next preceding the filing of the Bill of Complaint." In the light of the court's statement to counsel we understand the findings to mean, not that the court disbe-lieved the undisputed testimony of the ap-pellant and her daughters but that it be-lieved the facts to which they testified did not amount to the continuous "separation" alleged in the complaint and required by the statute. Though the question is not free from doubt, we take a different view of the law.

The purpose of the statute is "to permit termination in law of certain mar-riages which have ceased to exist in fact." Parks v. Parks, 73 App.D.C. 93, 94, 116 F.2d 556, 557. In Boyce v. Boyce, 80 U.S. App.D.C. 355–356, 153 F.2d 229–230, we said: "the husband and wife have lived under the same roof but have had no mari-tal relations. * * * They used the same dining table, but at different times * * *. The argument that there was no separation from bed and board for five con-secutive years is too refined to be accepted, as they did not share the board, but al-ternated in the use of the dining table in

order, presumably, to avoid friction. * * The essential thing is not separate roofs, but separate lives. These parties have been separated as effectively as though they were living in different homes." Cf. Hurd v. Hurd, 86 U.S.App.D.C. 62, 63, 179 F.2d 68, 69. Sharing a "board" connotes eating together with some decent degree of sociability. In our opinion a husband and wife who never do that are separated from "board", within the purpose and meaning of the statute, even though they sometimes eat at the same table.

Since there is nothing to suggest that the parties did not intend to do what they did we think the separation was plainly voluntary. They may not have known the legal effect of their conduct, but that is as immaterial as it was in the Parks and Boyce cases and as it would be if divorce were asked on the ground of cruelty or desertion.

Reversed.

WASHINGTON, Circuit Judge, dissents.