John TAMMANY, Plaintiff-Appellee,

v.

WOOLDRIDGE BROS., Inc., Defend-
ant-Appellant.

No. 79, Docket 24009.

United States Court of Appeals
Second Circuit.

Argued Nov. 14, 1956.

Decided Jan. 28, 1957.

Pelgrift, Dodd, Blumenfeld & Nair, Hartford, Conn., George D. Stoughton, Hartford, Conn., of counsel, for defendant-appellant.

Rogin & Nassau, Hartford, Conn., Jerome E. Caplan, Hartford, Conn., of counsel, for plaintiff-appellee.

Before CLARK, Chief Judge, and FRANK [1] and HINCKS, Circuit Judges.

CLARK, Chief Judge.

Defendant appeals from a judgment awarding damages in an action within the diversity of citizenship jurisdiction of the court below for injuries sustained by plaintiff due to a fall on the cellar steps of a restaurant owned by defendant and leased by it to plaintiff's employer. The injury occurred when plaintiff slipped on the wet stairway, which was not provided with a handrail.

The trial judge instructed the jury that in order to return a verdict for plaintiff, they must find either (a) that the defendant had joint or sole control of the area in which the injury was sustained, that it had actual or constructive notice of the leaky roof which caused the stairs to be wet, and that the slippery stairs were the cause of plaintiff's injury or (b) that defendant was negligent in failing to provide a handrail and that the absence of the handrail caused plaintiff's injuries.

Since there was no request for special verdicts on these two theories of liability, the judgment must stand if the trial court's instructions on either of the two issues are correct, and there is sufficient evidence on that theory to warrant submitting it to a jury. See cases cited in United States v. Roth, 2 Cir., 237 F.2d 796, at page 800. We believe, however, that the charge on both counts was correct, and that the evidence was sufficient to go to the jury on both issues.

There is no dispute that a settling of the land behind the restaurant caused a gap between the roof of the walk-in icebox and the main roof, through which water dripped onto the basement steps which plaintiff was descending to get merchandise. There is nothing to indicate that the land to the rear of the building—which had been filled in numerous times by appellant— was included in the leasehold, and the jury would have been warranted in finding that it was not. Even accepting appellant's argument that it was under no duty to make repairs of the building, and indeed had no right to do so, its failure to prevent the settling of the building which caused the recurrent leaks would make it at best a joint-tortfeasor with plaintiff's employer. Moreover, on the testimony of defendant's president, Homer Wooldridge alone, to the effect that they had employed people to make inspections and repairs of the buildings it owned, including the building in question which, as she said, "needed looking after," the jury could reasonably have found that defendant had a duty under its oral lease to make repairs of the leaky roof.

The fact that defendant on several occasions had repaired the leak is insufficient evidence that it had control of that area of the premises, or that it had covenanted to make repairs. Shegda v. Hartford-Conn. Trust Co., 131 Conn. 186, 188, 38 A.2d 668. But once the jury concluded that it did have a duty to repair, prior repairs could be used to indicate that it had actual or constructive notice that in a heavy rain the roof would leak, thereby causing the stairs to be wet. And there was testimony in the record that in fact this was so. The defendant's periodic inspections and efforts to fill in the land to prevent separation of this icebox from the main structure are additional evidence of defendant's notice of the leaking roof.

1. Judge Frank heard oral argument and participated in the decision of this case, voting to affirm. He died before this opinion was written.

■■ As to the second ground on which the jury was permitted to find for the plaintiff—the absence of a handrail—we are of the opinion that Connecticut law permits an employee to recover for injuries sustained as a result of a structural defect, even where his employer cannot. While there does not appear to be any case precisely in point, Webel v. Yale University, 125 Conn. 515, 7 A.2d 215, 123 A.L.R. 863, indicates that Connecticut courts will probably follow the rule adopted by the Restatement, Torts, Sec. 332. Hence, even had the jury found against plaintiff on the first ground, involving the leaky roof, plaintiff nevertheless could have recovered if the jury found the absence of a handrail to be a structural defect which was a secondary cause of his accident.

■ Plaintiff certainly cannot be found to have been contributorily negligent as a matter of law. His work required him to come down the stairs, and the jury could properly find that he did so with due care.

Affirmed.