Grace Blaney **DOTTELLIS, Appellant,**

v.

Mike S. **DOTTELLIS, Appellee.**

No. 3094.

Municipal Court of Appeals for the District of Columbia.

Argued Nov. 19, 1962.

Decided Dec. 17, 1962.

John E. Lappin, Washington, D. C., for appellant.

Neil B. Kabatchnick, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge.

Appellant wife brought this action for divorce under Code 1961, 16–403, which specifies as one ground for divorce "voluntary separation from bed and board for five consecutive years without cohabitation." According to her complaint appellant and her husband separated in June of 1955 and continuously lived separate and apart until the bringing of this action in January of 1962; but she admitted that from the time of separation until September of 1961 she and her husband had sexual relations approximately once a month. On the basis of this admission the trial court dismissed the complaint.

Appellant argues that cohabitation means more than sexual relations and that, without the other attributes of cohabitation, even repeated acts of coitus do not constitute cohabitation.[1] It is true that the word cohabitation, given its strict or derivative definition, means living together in the same abode;[2] and in Pedersen v. Pedersen, 71 App.D.C. 26, 30 (footnote 12), 107 F.2d 227, 231, Judge Rutledge cautioned "against confusing matrimonial rela-

---

1. Appellant cites 17 Am.Jur., Divorce and Separation § 94, where it is said: "There is a marked conflict of authority as to whether there is an interruption of the period necessary to establish desertion by single or isolated acts of sexual intercourse." As the case here is one of separation and not desertion, a more appropriate citation would be § 186 of the same authority, where it is said: "If the parties do not live under the same roof, but have sexual relations from time to time, it has been held that a divorce on the ground of separation should be denied."

2. McClure v. McClure, 205 Ark. 1032, 172 S.W.2d 243.

tions with the purely sexual side of marriage, merely one aspect of the total relation." However, in popular or common usage the word cohabitation means sexual intercourse. The question here is the meaning to be ascribed to the word as used in the statute.

In Butler v. Butler, 81 U.S.App.D.C. 26, 154 F.2d 203, our United States Court of Appeals declined to define cohabitation; but in other cases it apparently has treated cohabitation as used in the statute to mean sexual relations.[3]

In our opinion, since the statute requires "voluntary separation from bed and board for five consecutive years without cohabitation," the word cohabitation must mean sexual relations, for otherwise the phrase "without cohabitation" would have little or no meaning.[4] We are strengthened in this conclusion by the ruling in Boyce v. Boyce, 80 U.S.App.D.C. 355, 356, 153 F.2d 229, 230, that the essential requirement of this provision of the statute "is not separate roofs, but separate lives." It can hardly be said that a husband and wife who, though living under separate roofs, regularly engage in sexual relations with each other are leading separate lives.

Affirmed.

3. See e. g., Hurd v. Hurd, 86 U.S.App. D.C. 62, 179 F.2d 68; Hawkins v. Hawkins, 89 U.S.App.D.C. 147, 191 F.2d 344.

4. See McClure v. McClure, 205 Ark. 1032, 172 S.W.2d 243.