GERTRUDE STEVENS *v.* WILLIAM POLINSKY ET AL.

SUPERIOR COURT        NEW LONDON COUNTY        FILE NO. 37227

Memorandum filed December 5, 1974

*Griswold Morgan,* for the plaintiff.

*Robinson, Robinson & Cole,* for the named defendant et al.

*Brown, Jacobson, Jewett & Laudone,* for the defendant Aetna Casualty and Surety Company.

*Howard, Kohn, Sprague & FitzGerald,* for the third-party defendant Loring Studios, Inc.

DAVID M. SHEA, J.  In the main action the jury rendered a verdict of $25,000 in favor of the plaintiff on the complaint against the defendant owners, who owned the building where the plaintiff fell and was injured.  The owners had filed a third-party complaint against Loring Studios, Inc., hereinafter referred to as Loring, the lessee of the portion of the building where the accident occurred and the employer of the plaintiff.  On the claim for indemnification in the third-party complaint, the same jury rendered a second verdict of $27,750 for the owners against Loring, that amount representing

attorneys' fees incurred by the owners in defending the first suit in addition to the damages awarded in that suit.

The evidence, as construed most favorably to the injured plaintiff, would have allowed the jury to conclude that the plaintiff had fallen on a wooden ramp at the entrance of a back room of the premises leased to Loring. That room, which was used for storage and for making coffee for employees, was located off a hallway which also led to a bathroom. It does not appear from the evidence that customers of the studio ever used that bathroom or would have any occasion to enter the back room.

The plaintiff, who was the manager of the photographic studio, fell as she was exiting from the room and was walking up the ramp. The ramp had been installed in order to eliminate a step down from the hallway, the floor of which was higher than the floor of the back room. The plaintiff testified that she fell when her left foot stuck on a metal strip at the higher end of the ramp adjacent to the threshold of the doorway. She claimed that the metal strip was rough and uneven with protruding screws and nails so that it did not make a smooth joint with the doorsill. She also claimed that the absence of handrails made the ramp dangerous.

## I

Although the complaint alleged that the owners had control of the premises, it was undisputed that the portion of the building involved had been demised to Loring under a written lease which required Loring to maintain and repair the premises. There were no common areas within the leased premises which the owners were required to maintain. It is clear that Loring had exclusive possession and control of the area where the plaintiff fell.

The complaint refers also to the defective condition of the ramp as "concealed and dangerous." The conditions claimed were, however, apparent on even a cursory inspection and were as obvious to Loring as to the owners.

The case was submitted to the jury on the only viable theory of recovery which the court could conceive, the doctrine of *Webel* v. *Yale University,* 125 Conn. 515, 523: "The basis of liability in such a case . . . is that the landowner leases premises on which he knows or should know that there are conditions likely to cause injury to persons entering on them, that the purpose for which the premises are leased involves the fact that people will be invited upon the premises as patrons of the tenant, and that the landowner knows or should know that the tenant cannot reasonably be expected to remedy or guard against injury from the defect."

In *Webel,* the question of whether an employee of a tenant might recover against a landlord was discussed but not decided. Id., 522. In *Tammany* v. *Wooldridge Bros., Inc.,* 240 F.2d 641, the United States Court of Appeals for the Second Circuit concluded that the doctrine would be extended to employees of tenants as well as to their patrons by the Connecticut Supreme Court when the occasion arose. The Restatement of Torts, on which *Webel* relies, continues, however, to limit the rule to protection of the public. Restatement (Second), 2 Torts § 359. The Restatement would not subject the landlord to liability to invitees who come on the premises for a business purpose other than that for which the premises are open to the public, as in the cases of a truck driver delivering provisions to a restaurant or a social guest of a restaurant keeper. Id., § 359, comment e. In Pennsylvania it was once held that an employee might recover

against a landlord in a situation where his employer would be barred, but the case was later overruled. *Deutsch* v. *Max*, 318 Pa. 450; *Harris* v. *Lewistown Trust Co.*, 326 Pa. 145. A similar reversal of positions in the same case by the same court occurred when the Supreme Court of Kansas considered that question. *Bailey* v. *Kelly*, 86 Kan. 911; s.c., 93 Kan. 723. Commentators have expressed doubt that "the lessor's duty, even in cases where it is owed to the lessee's patrons, extends to other licensees of the lessee (though their presence might be likely enough to bring them within the class to whom a duty of care was owed under the test generally prevailing)." 2 Harper & James, Torts § 27.16, p. 1512.

The policy considerations, notably the deep pocket theory, which have led to the adoption of the public use exception to the general rule of non-liability of a lessor for accidents on wholly demised premises do not apply so clearly to injuries sustained by employees of a tenant. This case, in which the plaintiff's employer, Loring, or its insurer, is, in fact, the real party in interest, since the amount of the recovery did not exceed the workmen's compensation payments, is an illustration of some absurdities which may arise from such an extension of the doctrine. On the third-party complaint the owners have been awarded indemnification against Loring or its insurer. The Workmen's Compensation Act affords sufficient protection to the injured employee, and no further expansion of established legal doctrine can be justified. The loss has been properly allocated to Loring or its insurer, and there is no reason to shift that burden to the owners or their liability carrier.

Even if the plaintiff were accorded the same status as a member of the public under the public

use exception, there is a further reason which precludes a recovery in this case. The fall took place on a portion of the premises not used by the public and not intended for such use. As the plaintiff's counsel conceded during argument of these motions, there is no evidence that the back room, where the fall occurred, was ever used by the public. The court charged the jury on this element of the case, but the instructions were not followed. In retrospect, the issue should not have been submitted to the jury because there was insufficient evidence of public use. In *Brenner* v. *Central Realty Co.*, 130 Conn. 666, 668, it was held that the defect involved must exist on a portion of the leased premises which the lessor knew or should have known would be used by visitors. For that additional reason, the verdict in the principal action cannot stand.

There is no reason to suppose that the plaintiff might remedy the deficiencies in her case on a retrial. Therefore, the motion of the owners for judgment notwithstanding the verdict is granted.

## II

The entry of judgment for the owners in the main action makes it necessary to set aside the verdict on the third-party complaint seeking indemnification, at least to the extent of $25,000, the amount of the verdict against the owners. The additional $2750 for attorneys' fees included in the second verdict remains for consideration, however.

The right of the owners to indemnification would not vanish merely because they were successful in defending the main action. *Calamita* v. *DePonte*, 122 Conn. 20, 27; 41 Am. Jur. 2d 726, Indemnity, § 36.

Loring claims that it is protected from the indemnification claim by a provision of the Workmen's

Compensation Act, General Statutes § 31-284 (a), which states that "[a]n employer shall not be liable to any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment." In *Farm Bureau Mut. Automobile Ins. Co.* v. *Kohn Bros. Tobacco Co.*, 141 Conn. 539, an employee who was injured while riding as a passenger in a truck leased to her employer because of the negligence of a fellow employee, the driver, had recovered a judgment against the lessor of the truck by virtue of General Statutes § 14-154a, which makes the lessor equally liable with the operator for damage caused by the operation of a leased vehicle. In an action of indemnification the lessor was permitted to recover against the employer despite the claim that the action was barred by the Workmen's Compensation Act. It was found that the employer's liability was based not on a breach of any duty owed to the employee but on a breach of "an entirely independent and separate duty" owed to the lessor. Id., 544.

"The Workmen's Compensation Act, however, is not a bar to indemnity where such a right can be predicated on some legal relationship between the third party and employer giving rise to a duty on the part of the employer to the third party which is either contractually or tortiously breached." *Ranta* v. *Bethlehem Steel Corporation*, 287 F. Sup. 111, 113. That rule has been followed in several cases to allow a recovery against the employer by way of indemnification to the tort-feasor who has been held liable to an employee who could not have sued his employer directly. *Crawford* v. *Pope & Talbot, Inc.*, 206 F.2d 784; *McFall* v. *Compagnie Maritime Belge*, 304 N.Y. 314, 328; *Westchester Lighting Co.* v. *Westchester County Small Estates Corporation*, 278 N.Y. 175.

In this case the owners claim a breach of a separate obligation to them created by the terms of the lease, viz., the agreement of Loring "to make and pay for inside maintenance and repairs." If the jury concluded that the plaintiff's fall was caused by improper maintenance of the ramp on which she fell, it follows that the provision of the lease was breached and that the owners would be entitled to redress for any losses sustained by them as a result of that breach. The situation is similar to that involved in *McFall* v. *Compagnie Maritime Belge,* supra, where it was held that a stevedoring contract carrying an implied obligation for the stevedore to perform the work carefully afforded a sufficient basis for indemnification in the absence of an express covenant of indemnity. It is concluded that the Workmen's Compensation Act does not bar this action for indemnification.

Another claim of Loring is that, if the action were maintainable on the basis of the special relationship created by the lease, it would have to be a contract action relying on breach of an express provision of the lease with an implicit promise to indemnify for such a breach. Although the lease is significant in establishing the relationship between the parties, the right of indemnification asserted here is based on the equitable principle that one who has been held liable for the personal neglect of another is entitled to indemnity from the actual wrongdoer. The right asserted here is not based on the lease but on the relationship between the parties with respect to the duty of care owed to the plaintiff.

This case falls squarely within the rule enunciated in § 98 of the Restatement of Restitution: "Where two persons were liable in tort for an injury resulting . . . from the condition of land . . . and

one of them made reasonable expenditures in the discharge of the liability, he is entitled to indemnity from the other therefor, if he was without fault and if . . . (b) the other, because of a relation between the two, was as between them primarily responsible for the . . . condition."

The motion of Loring Studios, Inc., to set aside the verdict on the third-party complaint is granted except for the sum of $2750, as to which the clerk may enter judgment on the verdict for that sum.

The motion of the defendant owners for judgment notwithstanding the verdict on the plaintiff's complaint is granted.