[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON ON THIRD PARTY DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
Initially, several plaintiffs — Barbara and Paul Bartlett in one case, Barbara McCorvie in a second case, and David Toombs in a third case — brought actions against Madeline Jackson (and also Christopher Jackson in the Bartlett complaint). In each action, the plaintiffs claimed that on July 1, 1984, they were guests at the Jackson home and sustained injuries when the attached deck upon which they were standing collapsed. Each complaint alleged that the deck was defective or negligently constructed and maintained.
The defendants filed a third party complaint in each case against the third party defendant, John O. Brackert, as the contractor who constructed the deck. The defendants claimed indemnity under an active/passive negligence theory such as enunciated in Kaplan v. Merberg Wrecking Corporation, 152 Conn. 405,206 A.2d 732 (1965).
The cases were ordered by the court to be consolidated for trial. At the beginning of the joint trial, the cases begun by the Bartletts and by McCorvie were settled with the defendants Jackson and those actions were withdrawn as to the defendants before the commencement of evidence. Toombs v. Jackson (docketed as CV 86-0231311 S) and the third party action of Jackson v. Brackert were tried to a jury together. After the presentation of the evidence in both cases was finished, the court bifurcated the arguments, charge and jury deliberations. The court informed the jury that it would first hear the arguments and charge in Toombs v. Jackson and, upon a verdict in that first case, would then hear the arguments and charge in the third party action.
The jury returned a defendant's verdict in the Toombs v. Jackson case. The trial court then directed the jury to return a defendant's verdict in Jackson v. Brackert. The trial court told the jury, according to a transcript: "Now, in view of the fact, that your verdict was in favor of the defendant in the action involving Mrs. Toombs against Mrs. Jackson. Of course, Madeline Jackson, in her third party action, can't claim that there was any loss, because she has suffered no loss. So your CT Page 1308 verdict, in that case, would have to be for Mr. Brackert, if it were tried." Then the jury was given a defendant's verdict form which was signed by the foreperson and returned by the jury as the court directed.
No appeal was taken from the judgment entered on the directed verdict in favor of the third party, Brackert, against the third party plaintiff, Jackson.
That third party plaintiff, Madeline Jackson, now pursues her complaint against the third party defendant, John O. Brackert, in these cases where the underlying action had been withdrawn and settled before trial. She seeks indemnification on the active/passive theory of negligence. She seeks to recover the settlement amount paid to the plaintiffs in each of these actions as well as attorney's fees and expenses for defending the action brought by the initial plaintiffs.
The third party defendant, Brackert, has moved for summary judgment asserting that these claims are barred by the doctrines of res judicata and collateral estoppel.
The facts are not in dispute. The claims of actionable conduct of negligence by the plaintiffs in McCorvie and Bartlett are the same as those claimed by the plaintiff in Toombs, although the allegations of the consequent injuries may have differed. The claims by this third party plaintiff against the impleaded third party defendant are identical in each of the cases. The causes of action arose out of the facts surrounding the collapse of the attached deck on which original plaintiffs were standing as guests of the third party plaintiff.
"The doctrine of res judicata requires that a final judgment on the merits, rendered without fraud or collusion, by a court of competent jurisdiction, is conclusive, of those causes of action and of such issues or facts thereby litigated as to the parties and their privies, in all other actions in any judicial tribunal of concurrent jurisdiction." Wades' Dairy, Inc. v. Town of Fairfield, 181 Conn. 556, 559, 436 A.2d 24 (1980).
"A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles him to relief. Veits v. Hartford,134 Conn. 428, 434, 58 A.2d 389 (1948). Even though a single group of facts may give rise to several different kinds of relief, it is still a single cause of action. Bridgeport Hydraulic Co. v. Pearson, [139 Conn. 186, 196, 91 A.2d 778
(1952)], supra, 198." Id., 560.
The issue of liability, as the primarily negligent actor, CT Page 1309 for indemnification by this third party defendant to this third party plaintiff for the consequences of the collapse of the attached porch was fully litigated in the Toombs case between these parties.
Whether viewed under the doctrine of res judicata, or claim preclusion, in which a former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action on the same claim, not only as to every matter which was offered to sustain the claim but as to any other admissible matter which might have been offered for that purpose; or viewed as collateral estoppel, or issue preclusion, which is that aspect of res judicata which prohibits the relitigation of an issue when that issue was actually litigated and necessarily determined in a prior action between the same parties upon a different claim: these issues between these parties have been conclusively decided. See, State v. Ellis, 197 Conn. 436, 463 ,497 A.2d 934 (1985).
The cases cited by the plaintiff are inapposite. In Preferred Accident Ins. Co. v. Musante, Berman Steinberg,133 Conn. 536, 52 A.2d 862 (1947), the original plaintiff had secured a judgment against two defendants. There was no cross complaint or other pleading by the third party plaintiff against the co-defendant. After paying one half of the judgment, the insurer for the third party plaintiff brought an action in indemnity against the co-defendant. In response to a claim of res judicata, the Supreme Court held "`the rule supported by the great weight of authority is that a judgment in favor of the plaintiff in an action against two or more defendants is not res judicata or conclusive of the rights and liabilities of the defendants inter se in a subsequent action between them, unless those rights and liabilities were expressly put in issue in the first action, by cross complaint or other adversary pleadings, and determined by the judgment in the first action. . . . Our conclusion is that the judgment in Tully v. Demir et al. [the original action] was not res judicata as to the present case." Id., at 540.
In this present case, "those rights and liabilities were expressly put in issue in the first action, by . . . adversary pleadings, and determined by the judgment in the first action."
The case of Fidelity Casualty Co. v. Jacob Ruppert, Inc.,135 Conn. 307, 310, 63 A.2d 849 (1949), states that a judgment entered by consent is just as conclusive as one upon controverted facts, but does not necessarily stand for the claimed proposition that a party who settles a case may still seek indemnification from an actively negligent third party. Rather, the case finds no res judicata when two defendants in an CT Page 1310 original action agreed that a "judgment was entered upon oral stipulation for Moriarty [the original plaintiff] to recover of the Sheas and the Ruppert company $9000 without costs. The plaintiff as insurer of the Sheas and the defendant each paid $4500 to Moriarty in satisfaction of the judgment in accordance with the agreement. The payment was made by the plaintiff with the understanding by counsel for the parties that indemnity would be claimed by it from the defendant. . . . . In the Moriarty action, the parties were at issue upon the pleadings as to the alleged negligence of the Ruppert company and of the Sheas and as to the alleged contributory negligence of Moriarty. No pleadings were filed by the defendants in that action adversary to each other, and the pleadings presented no basis for litigation of their rights inter se."
Again, the distinction is that here pleadings were filed by the parties adversary to each other and the pleadings presented a basis for litigation of their rights inter se.
In Dwight Building Co. v. Stamford House Wrecking Co.,193 Conn. 297, 301, 476 A.2d 568 (1984) the Supreme Court did state that "It is . . . fundamental that in order to make a judgment res judicata as regards the issues determined in it the person claimed to be bound by it should have been party in the first action in the same capacity that he is to the second." The Court held that the plaintiff company having claimed against the defendant in one action under Workmen's Compensation as a statutory subrogee would not be prevent by res judicata in the second action from claiming against the same defendant for excess payments under a contract of indemnity.
The plaintiff here seems to claim that since in these cases she has paid money in settlement, whereas in the Toombs action there was only a claim against her for damages, she is in a different capacity as was the Dwight company.
However, the court in Dwight indicated that res judicata would be applicable where "`A judgment in favor of either the plaintiff or defendant is conclusive, in a subsequent action between them on the same or a different claim, with respect to any issue actually litigated and determined if its determination was essential to that judgment.' 1 Restatement (Second), Judgments Sec. 17(3). `When an issue of fact or law is actually litigated and determined by a valid and final judgment, the determination is conclusive in a subsequent action between the parties, whether on the same of a different claim.' Id., Sec. 27." Dwight, supra, 301.
In Toombs, as in these cases, the plaintiff's action against the defendant is under the active/passive or primary/secondary CT Page 1311 theory of negligence liability.
Finally, the third party plaintiff cites Calamita v. DePonte, 122 Conn. 20, 27, 187 A.2d 129 (1936) for the proposition that the third party plaintiff, even though found not liable for damages in the underlying action, might recover the reasonable expenses incurred in attempting to avoid liability in contesting that action and the case of Stevens v. Polinsky, 32 Conn. Sup. 96, 101, 341 A.2d 25 (1979) for the proposition that a third party plaintiff, having succeeded in obtaining a defendant's verdict in the underlying case, could still press his claim for attorneys' fees in the third party action as these damages incurred in defending the original action were proper.
The plaintiff suggests that the court may have been incorrect in directing the verdict for the third party defendant in Toombs, in light of these cases.
The issues of expenses of defending the principal case and of attorneys' fees could have been and were raised in Toombs. No appeal was taken from the directed verdict by this third party plaintiff in Toombs. As the United States Supreme Court has stated: "A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. . . . . Nor are the res judicata consequences of a final, unappealed judgment on the merits altered by the fact that the judgment may have been wrong or rested on a legal principle subsequently overruled in another case. . . . As this court explained in Baltimore S.S. Company v. Phillips, 274 U.S. 316, 325, 47 S.Ct. 600, 604,71 L.Ed. 1069 (1927), an `erroneous conclusion' reached by the court in the first suit does not deprive the defendants in the second action `of their right to rely upon the plea of res judicata . . . A judgment merely voidable because based on an erroneous view of the law is not open to collateral attack, but can be corrected only by a direct review and not by bringing another action upon the same cause [of action].' We have observed that `[t]he indulgence of a contrary view would result in creating elements of uncertainty and confusion and in undermining the conclusive character of judgments, consequences which it was the very purpose of the doctrine of res judicata to avert.' Reed v. Allen, 286 U.S. 191, 201, 52 S.Ct. 532, 534,76 L.Ed. 1054 (1932)." Federated Dept. Stores, Inc. v. Moitie,452 U.S. 394, 398-99, 101 S.Ct. 2424, 2428, 69 L.Ed.2d 103 (1981).
Because the defendant would be entitled to a directed verdict on the special defense of res judicata, he is entitled to summary judgment. Batick v. Seymour, 186 Conn. 632, 647,443 A.2d 471 (1982). CT Page 1312
Defendant's Motion for Summary Judgment in each case is granted.
NIGRO, J.