[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
This is a negligence action by the plaintiff for injuries suffered while leaving a building owned by defendants, Paul Zieky and Philip Zieky, hereinafter ("Ziekys") and leased to codefendant, General Building Supply Co. ("General").
On December 3, 1996, the plaintiff, an employee of General, was working alone and left his office at approximately 5:30 5:45 p.m. by way of his normal route through the hallway. The plaintiff discovered that the door through which he normally exited was locked, as was the door leading back to his office. Plaintiff did not have keys to either one of the doors, nor did he have access to a telephone. The only means of exit was by a wooden fire escape of an annexed trailer attached to the main building. As the plaintiff started to use the fire escape, which had no handrails or illumination, the first step collapsed, causing him to fall and suffer injuries as set forth in his complaint.
The plaintiff then brought suit against both General and the Ziekys, who were the owners of the building leased by General, on November 30, 1998. The Ziekys have brought a motion for summary judgment with respect to the third, fourth, fifth, and sixth counts of the plaintiff's amended complaint, dated November 28, 2000. On December 4, 2002, the plaintiff filed an amended complaint to delete the fifth and sixth counts and amend the third and fourth counts. The amended third and fourth counts allege common law negligence and statutory negligence, respectively, against the Ziekys. The basis for both counts is that the Ziekys "owned, controlled, managed and/or maintained" the premises located at 367 Ellington Road in East Hartford, which was leased to the co-defendant, General. The Ziekys admit that they owned the premises, but deny all other allegations.
As to the third count, the Ziekys claim that since they did not possess or control the premises at the time of the injury, they are not legally liable. The Ziekys base this assertion on the common law rule that unless a lessor has maintained possession and control, the lessor is not CT Page 4320 responsible for injuries rising out of a defective premises. Although the plaintiff does not contest the Ziekys' claim that they did not remain in sufficient possession or control of the premises to be responsible for plaintiff's injuries, the plaintiff claims that two exceptions to the general rule of lessor non-liability apply: 1.) latent defects at the beginning of a tenancy; and 2.) the public use exception.
As to the fourth count of statutory negligence under General Statutes §§ 29-389, 29-390, 29-391, 29-292, and 29-252,[1] the Ziekys base their motion for summary judgment on two grounds: 1) the statutes do not apply because they were not in possession or control of the premises; and 2) said statutes were not designed to prevent the type of harm alleged by the plaintiff.
As evidence of lack of possession and control on both counts, the Ziekys offer the language of the lease, dated January 25, 1988, between them and co-defendant General. Under the lease, the property was wholly demised to the tenant in its current "AS-IS" condition and responsibility was imposed on the tenant for maintenance and repair of the premises. See, Lease, § 3.01, § 7.01, and § 13.01. The parties do not dispute that General was in possession and control. According to Practice Book § 17-49, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book § 17-49. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Internal quotation marks omitted.) Maffucciv. Royal Park Limited Partnership, et al., 243 Conn. 552, 554-55 (1998).
The Connecticut Supreme Court has addressed the issue of landlord negligence, stating: "Ordinarily, a tenant takes the demised premises as he finds them, and the landlord is not liable for defective conditions . . . within the demised area." Masterson v. Atherton, 149 Conn. 302, 306
(1962). Two commonly held exceptions to this rule are the latent conditions defect and public use. Castelvestro v. Mills, Superior Court, judicial district of New Haven, Docket No. CV 91-0320396 (February 5, 1997, Corradino, J.) (19 Conn.L.Rptr. 172); Guadalupe v. Summers, Superior Court, judicial district of Tolland at Rockville, Docket No. CV 98-68083 (November 16, 2002, Sferrazza, J.) (28 Conn.L.Rptr. 721). CT Page 4321
Under the latent conditions exception, according to the Castelvestro
case, "even if the lessor has surrendered complete control of the premises . . . the lessor can still be liable for undisclosed dangerous conditions that were known or should have been known to the lessor." The dangerous conditions must be latent; there is no liability for open and obvious hazards. Restatement 2d, Torts, § 358. The dangerous condition must also exist at the commencement of the lease. Id. "The lessor in these cases is by definition the only one who knows or has reason to know of the defective condition and this provides a powerful reason to impose liability on the lessor since tort law is concerned not only with compensating the injured but also with encouraging people who know of dangerous situations to remove the danger they present." Id.
The Plaintiff argues that in this case, there is a genuine issue of material fact as to whether the stairwell presented a dangerous condition at the commencement of the lease. The plaintiff argues that the rotted stairwell existed at the commencement of the lease and the lessor knew, or should have known, that the stair might present a dangerous condition. Despite arguments in favor of the latent exception, plaintiff offers no evidence that the condition existed at the time of the lease or that the Ziekys knew, or should have known about the dangerous condition.
The second exception to the general rule of lessor non-liability, that also does not require that the lessor retain control of the premises, is the public use doctrine. According to the Restatement 2d Torts § 359, Land Leased for Purpose Involving Admission of Public:
A lessor who leases land for a purpose which involves the admission of the public is subject to liability for physical harm caused to persons who enter the land for that purpose by a condition of the land existing when the lessee takes possession, if the lessor (a) knows or by the exercise of reasonable care could discover that the condition involves an unreasonable risk of harm to such persons, and (b) has reason to expect that the lessee will admit them before the land is put in safe condition for their reception, and (c) fails to exercise reasonable care to discover or to remedy the condition, or otherwise to protect such persons against it.
While the Ziekys acknowledge the public use exception, they argue that the plaintiff may not rely on the public use exception since the plaintiff is an employee of the tenant and the exception does not extend to employees of the tenant.
The public use exception is set forth and accepted by the Connecticut CT Page 4322 Supreme Court in Webel v. Yale University, 125 Conn. 515 (1939). InWebel, the Court quotes the Restatement of the Law of Torts, Vol. 2, § 359 as the accepted doctrine in Connecticut. Id. at 523. The Court expressly withheld judgment as to whether an employee of a lessee could sue the landlord under the public use exception and confined its decision to business patrons of the lessee. Id. at 522.
Although the Connecticut Supreme Court has not specifically addressed whether the public use exception should extend to employees of a tenant, Connecticut Superior Courts have addressed the public use exception and determined that it does not extend to employees of the tenant.Castelvestro v. Mills, supra; Stevens v. Polinsky, 32 Conn. Sup. 96
(1974); Guadalupe v. Summers, supra. These Superior Court cases reason, according to Castelvestro, that the Workers' Compensation Act "affords sufficient protection to the injured employee and no further expansion of legal doctrine is required." Imposition of liability on the lessor in a case where an innocent member of the public is injured is intended to provide the injured party with some form of recourse. The rational behind this doctrine given in Castelvestro is that "the lessor is more likely to have the resources to compensate for any injury and by imposition of liability will not be able to pass off responsibility to correct a dangerous condition to a lessee whom in many instances the lessor knows or has reason to know does not have the means or desire to make the property safe." In the case of an injured employee, not only does workers' compensation provide compensation, but "the employer's compensation carrier can exert great pressure on the employer to correct conditions that might be dangerous to the employees."
Castelvestro does acknowledge the Second Circuit case of Tammany v.Woodbridge Brothers, Inc., 240 F.2d 641 (2nd Cir. 1957), which predicted that Connecticut state courts would permit an employee to recover against a landlord for a structural defect even when the employer could not. But the case notes that Tammany relies only on restatement of Torts First § 332, and finds the Second Circuit decision does not even discuss the public use doctrine. This court sees no reason to disagree with prior Superior Court decisions and extend the public use exception to employees. Therefore summary judgment is proper on count three.
As stated earlier, the fourth count is based on statutory negligence and claims that the Ziekys violated General Statutes §§ 29-389, 29-390,29-391, 29-292 and 29-252. The Ziekys argue that these statutes are not applicable since the Ziekys were not in possession and control of the premises and that the statutes were not, in any event, designed to prevent the type of harm that is claimed to have occurred. The Ziekys argue that in transferring possession and control according to the lease between CT Page 4323 them and General, they were released from any associated duties and are not liable under the statutes.
Connecticut has obviated the "possession and control" requirement when violations of the building code are alleged. Gore v. People's SavingsBank, 235 Conn. 360, 378 (1995). See also, Jones v. Polish Falcons,614 N.E.2d 397 Ill. App. (1993), on whether a landlord is liable for injuries caused to tenants even though the landlord was not in possession and control of the premises. In Jones, the court states:
Violation of a statute or ordinance designed for the protection of human life or property is prima facie evidence of negligence, and that the party injured thereby has a cause of action, provided that he comes within the purview of the particular ordinance or statute, and the injury has a direct and proximate connection with the violation . . . [I]t is not a defense that the owner was not in possession and control of the premises.
Id. at 400-01.
Section 29-391 is literally titled "Liability of owner of building" and states, "such owner shall be liable to any person so injured for damages for such injury." The statute does not address the issue of possession or control and uses the term "owner" throughout. In reading the statute, it is clear that liability for violation of §§ 29-390 and 29-391 is not transferable from the owner of the building to a lessee.
In this instance, therefore, the Ziekys alleged failure to maintain a proper fire escape is in direct violation of §§ 29-389, 29-390, and29-391, regardless of the transfer of control to the tenant.
In addition, the plaintiff's harm not only has a direct connection with the violation of the statutes, but as a matter of law falls within the type of harm these statutes were intended to prevent. Section 29-389
addresses the requirement of fire escapes and specifically refers to "fires or other emergency." This section makes it clear that fire escapes are not required merely as an escape route during a fire, and other potential emergencies also necessitate maintenance of fire escapes.
Section 29-390 addresses the issue of fire escapes and requires:
Each floor of a building . . . used in whole or in part as a workshop or manufactory shall be provided with not less than two remote means of egress and each floor of any such building above the first shall be provided with not less than two remote means of egress by stairways on the CT Page 4324 inside or fire escapes on the outside of such building.
While the Ziekys argue that the legislative history of these statutes show that the emergency may only be a fire, the clear wording of these statutes supersedes the legislative history. See State v. Courchesne,262 Conn. 537, 577-78 (2003). The case of Packtor v. Seppala, 231 Conn. 367
(1994) does not apply in this instance as there the stairway was inside the building. Factually, there is still an open question here as to whether this incident was a true emergency. This may be developed at trial.
In viewing the evidence in the light most favorable to the nonmoving party, there is no genuine issue of fact raised by the plaintiff in regard to the third count. In respect to the fourth count, a genuine issue of fact exists as to whether or not an emergency existed at the time of the injury. Therefore, the Ziekys' motion of summary judgment is granted as to the third count and denied as to the fourth count.
 BY THE COURT Henry S. Cohn, Judge